25-2696-cv
*Button v. Breshears*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-six.**

PRESENT:
PIERRE N. LEVAL
RICHARD C. WESLEY,
JOSEPH F. BIANCO,
*Circuit Judges.*

---

DUSTY BUTTON, MITCHELL TAYLOR BUTTON,

*Plaintiffs-Appellants*,

v. 25-2696-cv

MADISON JANE BRESHEARS,

*Defendant-Appellee*.

---

FOR PLAINTIFFS-APPELLANTS: Dusty Button, Mitchell Taylor Button, *pro se*, Myrtle Beach, South Carolina.

FOR DEFENDANT-APPELLEE: Madison Jane Breshears, *pro se*, Laguna Niguel, California.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on September 30, 2025, is **AFFIRMED**.

Plaintiffs-Appellants Dusty Button and Mitchell Taylor Button ("the Buttons"), proceeding *pro se*, appeal from the district court's judgment dismissing their amended complaint. The Buttons sued Defendant-Appellee Madison Jane Breshears, alleging defamation, libel, slander, injurious falsehood, intentional infliction of emotional distress ("IIED"), tortious interference with business relations, cyber harassment, and civil conspiracy. Breshears moved to dismiss the Buttons' amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that their claims were time-barred or otherwise failed to state a claim. The district court granted the motion and dismissed the amended complaint without further leave to amend, agreeing that the Buttons' claims were time-barred or otherwise facially deficient. *See generally Button v. Breshears*, 24-CV-03757-MKV, 2025 WL 2771663 (S.D.N.Y. Sep. 26, 2025). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* the dismissal of a complaint under Rule 12(b)(6), accepting all allegations in the complaint as true and drawing all inferences in favor of the plaintiff." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). "The application of a statute of limitations presents a legal issue and is also reviewed *de novo*." *Horror Inc. v. Miller*, 15 F.4th 232, 241 (2d Cir. 2021) (internal quotation marks and citation omitted). "Dismissal under [Rule]

12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (internal quotation marks and citation omitted). "[W]e liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks and citation omitted) (italics added).

We conclude that the claims in the amended complaint were properly dismissed for substantially the same reasons set forth by the district court in its thorough and well-reasoned decision.[1] First, the Buttons' defamation claims were time-barred. Under New York law, defamation claims, including those for libel and slander, are subject to a one-year statute of limitations, measured from the date the offending material is first published. N.Y. C.P.L.R. 215(3); *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007). Here, the relevant allegedly defamatory social media posts were initially published in May 2021, three years before the complaint was filed in May 2024—well outside the statute of limitations.

Moreover, the district court was correct that the republication exception did not apply. New York recognizes an exception to the "single publication rule" where the allegedly defamatory statements were "republished." *Firth v. State of New York*, 98 N.Y.2d 365, 370–71 (2002). Republication "retrigger[s] the period of limitations" when it "occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely a delayed circulation of

[1] The Buttons do not challenge the district court's dismissal of their separate claim alleging cyber harassment, as a "form of intentional infliction of emotional distress." App'x at 156. Thus, that claim has been abandoned and we do not separately address it here. *See Chevron Corp. v. Donziger*, 990 F.3d 191, 203 (2d Cir. 2021).

the original edition." *Id.* at 371 (internal quotation marks and citation omitted). "The justification for this exception to the single publication rule is that the subsequent publication is intended to and actually reaches a new audience." *Id.* Here, the Buttons argued that Breshears's May 2024 posts were republications that were intended to, and actually did, reach a new audience. However, according to the amended complaint, Breshears made the May 2024 posts from the same social media account as her earlier posts. In addition, the Buttons alleged that the account's number of followers during the relevant period was approximately the same. *See also Martin v. Daily News, L.P.*, 121 A.D.3d 90, 103–04 (1st Dep't 2014) (holding that reposting statements online which "were not modified in any substantial way" did not constitute republication). Furthermore, as the district court observed, the Buttons failed to plausibly allege, either in their amended complaint or their opposition to the motion to dismiss, that Breshears intended to reach a new audience. *See Firth*, 98 N.Y.2d at 371; *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (emphasizing that "mere conclusory statements" are inadequate to survive a motion to dismiss).

We also agree with the district court that the Buttons failed to provide a sufficient basis for relying on equitable estoppel to overcome the untimeliness of their defamation claim. Under New York law, the doctrine of equitable estoppel "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (internal quotation marks and citation omitted). We have emphasized that, under this doctrine, "[d]ue diligence on the part of the plaintiff in bringing an action . . . is an essential element of equitable relief. The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the" equitable estoppel claim have ceased. *Id.* (internal quotation marks

and citations omitted). Here, as the district court reasoned, none of Breshears's alleged statements rose to the level of fraud, misrepresentation, or deception. *See Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006) ("[T]his Court has held that equitable estoppel will apply where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." (internal quotation marks and citation omitted)). Moreover, the Buttons failed to explain how Breshears's alleged statements "kept them from timely bringing suit." *See id.*

Second, the district court correctly dismissed the claims for injurious falsehood, IIED, and tortious interference claims as duplicative of their defamation claims. Under New York law, because those claims arose from the same alleged facts and sought the same damages, they cannot be asserted independently of the defamation claim, which is time-barred. *See, e.g.*, *Perez v. Violence Intervention Program*, 116 A.D.3d 601, 602 (1st Dep't 2014) (concluding that various tort claims "should have been dismissed as duplicative of the defamation claim, as they allege no new facts and seek no distinct damages from the defamation claim"); *Balderman v. Am. Broad. Cos.*, 292 A.D.2d 67, 76 (4th Dep't 2002) (concluding that intentional tort claims should be dismissed as duplicative of a defamation claim because "plaintiff seeks damages only for injury to his reputation"); *see also Ent. Partners Grp., Inc. v. Davis*, 198 A.D.2d 63, 64 (1st Dep't 1993) (explaining that "it is well settled that a plaintiff may not circumvent the one-year statute of limitations applicable to defamation actions [under N.Y. C.P.L.R. 215(3)] by denominating the action as one for intentional interference with economic relations . . . or injurious falsehood if, in fact, the claim seeks redress for injury to reputation").

Third, as the district court correctly held, the claim for civil conspiracy cannot survive a Rule 12(b)(6) motion because New York law does not recognize civil conspiracy as an independent

tort. *See Filler v. Hanvit Bank*, 156 F. App'x 413, 418 (2d Cir. 2005) (summary order) ("A claim of conspiracy cannot stand alone and must be dismissed if the underlying independent tort has not been adequately pleaded.") (internal quotation marks and citation omitted). Here, because the independent torts have not been adequately pleaded, the civil conspiracy claim fails as a matter of law.

Finally, the district court did not err in denying further leave to amend. "[W]hen the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (internal quotation marks and citation omitted) (italics added).

As the district court noted, the Buttons had already amended their complaint in response to the same defects identified in Breshears's anticipated motion to dismiss. Their amended complaint failed to cure those defects, and they failed to otherwise suggest how they would state a timely claim if given further leave to amend. Thus, the district court properly denied leave to amend because the defects in the claims were "substantive" and it was clear that "better pleading [would] not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

* * *

We have considered the Buttons' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Breshears's request for sanctions is denied. *See* Fed. R. App. P. 38.